IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAVIER ZAVALA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| POLICE OFFICER | : | |
| NOAH ROBINSON, et al., | : | No. 12-3527 |
| Defendants. | : | |

## MEMORANDUM

Schiller, J.                                                                                                                December 12, 2012

    Javier Zavala sued Police Officers Noah Robinson, Claude Simpkins, and Christopher McCarthy, as well as Sergeant James Audette, the Borough of South Coatesville, and the City of Coatesville after Zavala was arrested for driving under the influence. He claims that he was beaten by officers after he was taken to the police station. Officer Robinson and the Borough of South Coatesville have moved to dismiss Zavala's Complaint as to them. For the reasons that follow, the motion is granted in part and denied in part. Zavala will be permitted to file an amended complaint.

**I.    BACKGROUND**

    On April 23, 2011, Zavala was arrested for driving under the influence and was brought to the City of Coatesville Police Department by Officer Robinson. (Compl. ¶ 9.) Zavala's hands were cuffed and placed behind his back and he was placed in the prisoner processing room. (*Id.* ¶ 11.) While in the prisoner processing room with Officer Robinson and Officer McCarthy, Zavala "exchanged words" with Officer Simpkins. (*Id.* ¶ 12.) Officer Simpkins instructed Officer McCarthy to remove one of Zavala's handcuffs and when Officer McCarthy complied, Officer Simpkins repeatedly punched Zavala in the head, neck, and torso. (*Id.* ¶¶ 13-16.) While Officer Simpkins

assaulted Zavala, Officers McCarthy and Robinson restrained Zavala, "preventing him from avoiding Defendant Officer Simpkins' punches or otherwise defending himself." (*Id.* ¶ 18.) Sergeant Audette entered the prisoner processing room and placed Zavala in a controlled choke hold and placed Zavala in handcuffs again. (*Id.* ¶ 20.)

Zavala was falsely charged with aggravated assault, resisting arrest, and related charges based on false statements provided by Defendants. (*Id.* ¶¶ 21-27.) Plaintiff's Complaint charges violations of the right to be free from excessive force and malicious prosecution, as well as Fifth Amendment and procedural due process claims and a civil conspiracy. He also sued Officers Robinson, Simpkins, McCarthy and Sergeant Audette for intentional infliction of emotion distress, state law malicious prosecution, and invasion of privacy. Finally, he brings *Monell* claims and negligent hiring and supervision claims against the Borough of South Coatesville and the City of Coatesville.

Officer Robinson and the Borough of South Coatesville (hereinafter, "Moving Defendants") filed a motion to dismiss the claims against them in their entirety.

## II.  STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the

speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Simply reciting the elements will not suffice. *Id.* (concluding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a 12(b)(6) motion. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id.* at 211. If the court can infer only the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. *Id.*

### III.  DISCUSSION

As an initial matter, Zavala accedes to the dismissal of some of his claims against Moving Defendants. Specifically, Zavala admits that as alleged, his federal and malicious prosecution claims

3

fail to state a claim. (Pl.'s Br. in Supp. of His Answer Seeking Denial of Pl.'s Mot. to Dismiss Pl.'s Compl. [Pl.'s Br.] at 7-8, 15.) He has requested, and the Court will allow, an opportunity to amend his Complaint to state a claim for malicious prosecution under federal and Pennsylvania law. Plaintiff also does not object to the dismissal of his Fifth Amendment, negligent hiring, and invasion of privacy claims. Those claims shall be dismissed with prejudice.

The Court will also dismiss Zavala's intentional infliction of emotional distress claim, albeit without prejudice. As constituted, it relies on nothing more than conclusory statements that Zavala was assaulted and falsely accused of crimes. Plaintiff then simply asserts that he suffered great distress as a result. This is insufficient to state a claim for intentional infliction of emotional distress.

### A. Official-capacity Claims

Moving Defendants seek to dismiss Plaintiff's claims against Officer Robinson in his official capacity and argue that, because Plaintiff has sued the municipality that employs Officer Robinson, any claims against Officer Robinson in his official capacity are duplicative. Zavala counters that he has included no duplicative claims and that "[n]one of the counts are brought against both Defendant Robinson in his official capacity and Defendant Borough of South Coatesville." (Pl.'s Br. at 6.)

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). As such, courts regularly dismiss lawsuits brought against individuals in their official capacity if the relevant governmental entity was also sued. *See, e.g.*, *Burton v. City of Phila.*, 121 F. Supp. 2d 810, 812 (E.D. Pa. 2000).

It is not clear to the Court from the Complaint which claims against Officer Robinson were

brought against him in his official capacity. Zavala has brought claims against Officer Robinson in his individual capacity for excessive force, malicious prosecution, civil conspiracy, intentional infliction of emotional distress, and violation of Zavala's due process rights. It is also evident from the Complaint that the *Monell* claims were brought against governmental entities only. Thus, the Court sees nothing to dismiss because there are no claims brought against Officer Robinson in his official capacity. But if such official-capacity claims exist against Officer Robinson, the Court agrees that they are redundant and they will therefore be dismissed.

### B. Procedural Due Process Claim

Moving Defendants argue that Zavala failed to state a due process claim. To state a due process claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of an individual interest encompassed within the Fourteenth Amendment guarantee of life, liberty, or property, and (2) the procedures available to him failed to comport with the due process of law. *See Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Plaintiff's Complaint fails to specify the individual interest he was deprived of. He also does not outline what process was denied. Rather, he claims only that Officer Robinson made false statements and that Zavala was wrongly charged with crimes. Zavala will be afforded the opportunity to amend his Complaint to include a procedural due process claim.

### C. Excessive Force Claim

The Court disagrees with Moving Defendants' contention that Zavala failed to state a claim against Officer Robinson for excessive force. Zavala alleges that Officer Robinson was in the room yet refused to intervene when Officer Simpkins directed Officer McCarthy to remove Zavala's handcuffs so Officer Simpkins could beat Zavala. Significantly, Zavala alleges, and this Court must

accept as true at this stage of the proceedings, that Officer Robinson restrained Zavala during the assault. (Compl. ¶ 18.) Contrary to Officer Robinson's belief that the allegations demonstrate he acted reasonably, the Court does not believe a jury would agree with this assessment if Officer Robinson restrained a prisoner while a fellow officer pummeled the prisoner in the face. The excessive force claim will not be dismissed at this time.

### D. Civil Conspiracy Claim

To state a claim for civil conspiracy, a plaintiff must allege the existence of a conspiracy involving state action and a deprivation of civil rights in furtherance of the conspiracy by a member of the conspiracy. *Savage v. Judge*, 644 F. Supp. 2d 550, 561 (E.D. Pa. 2009). At a minimum, plaintiff must allege an agreement to succeed on a conspiracy claim. *Id.*

In its current form, the Complaint fails to state a claim for conspiracy. Plaintiff has merely alleged that more than one person acted against him, and he has made conclusory allegations that Defendants concealed their unlawful activities. Currently, there are no allegations that suggest a meeting of the minds by Defendants, and that failure is fatal to a conspiracy claim. Zavala will be permitted to amend his Complaint, however.

### E. *Monell* Claims

Finally, the Borough of South Coatesville seeks to dismiss the *Monell* claim brought against it. Under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), a plaintiff may assert a § 1983 claim against a municipality if a policy, regulation, or decision officially adopted by the municipality caused a constitutional violation. The Court concludes that Zavala has stated a claim based on allegations that the Borough of South Coatesville maintained a code of silence that encouraged wrongdoing and cover-ups that led to the violations of Zavala's constitutional rights. Of

course, Plaintiff must rely on more than these allegations to survive dismissal of these claims at the summary judgment stage, but he may proceed to discovery on his *Monell* claim.

## IV. CONCLUSION

Zavala's excessive force and *Monell* allegations state claims as currently alleged. The civil conspiracy, due process, malicious prosecution, and intentional infliction of emotional distress claims are dismissed without prejudice. Because Plaintiff will file an amended complaint, the Court will address any immunity issues at a later date, if necessary. An Order consistent with this Memorandum will be docketed separately.